EXHIBIT "A"

*Radano & Lide*

ATTORNEYS AT LAW
PAUL V. ORECCHIA (Designated Trial Counsel)
Attorney ID Number 029261993
MELVILLE D. LIDE, ESQUIRE
Attorney ID Number 003171980
Post Office Box 1477
Vineland, New Jersey 08362-1477
(856) 691-2500
Attorneys for Plaintiff

File No.: 6225-21

| | |
|---|---|
| ***Plaintiff(s)*** | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION |
| CHARLES RITTER, General | : BURLINGTON COUNTY |
| Administrator and Administrator ad | : |
| Prosequendum of the Estate of his | : |
| daughter, ROCHELLE RITTER, | : |
| Deceased | : |
| | : DOCKET NO. BUR-L- |
| ***Defendant(s)*** | : |
| | : |
| | : Civil Action |
| ADDY BROTHERS, LLC., JOHN | : COMPLAINT |
| DOE EMPLOYER (a fictitious name), | : DESIGNATION OF TRIAL |
| and JACOB ADDY | : COUNSEL, DISCOVERY DEMANDS, |
| | : AND JURY DEMAND |

Plaintiff, CHARLES RITTER, in his capacity as General Administrator and as Administrator ad Prosequendum of the Estate of his Daughter, Rochelle Ritter, Deceased, residing at 1701 Salem Road, in the Township of Burlington, County of Burlington, and State of New Jersey, by way of Complaint against Defendants, ADDY BROTHERS, LLC., JOHN DOE EMPLOYER (a fictitious name) and JACOB ADDY, says:

## FIRST COUNT

1.     On the morning of Saturday, March 13, 2021, Rochelle Ritter, was a pedestrian and was walking on Campus Drive, in the vicinity of its intersection with Sunset Road, in the Township of Burlington, County of Burlington, and State of New Jersey.

2.     At the time and place hereinabove described, Defendant, JACOB ADDY, was operating a motor vehicle, in the course and scope of his employment or other agency relationship for Defendant, ADDY BROTHERS, LLC., and was traveling in a general northerly direction on Campus Drive, in the general vicinity

of its intersection with Sunset Road, in the Township of Burlington, situated as hereinabove described.

    3.    At the above time and place, Defendant, JACOB ADDY, so negligently operated the motor vehicle he was driving as to cause that motor vehicle to violently strike the pedestrian, Rochelle Ritter.

    4.    The negligence of Defendant, JACOB ADDY, included, inter alia, the follow acts and/or omissions: (a) failing to make proper observations, (b) failing to yield to right of way to a pedestrian in the road way, (c) failing to properly operate the braking device on the vehicle, (d) failing to properly operate the steering wheel on the vehicle (e) failing to have his vehicle under full and complete control at all times, and (f) otherwise failing to exercise due care for the safety of Rochelle Ritter and other persons in the area.

    5.    As a further direct and proximate result of the negligence of Defendant, JACOB ADDY, and the occurrence hereinabove described, Rochelle Ritter was caused to suffer catastrophic injuries, resulting in her untimely death on the morning of Saturday, March 13, 2021.

    6.    Under the circumstances hereinabove described, Defendant, ADDY BROTHERS, LLC., is vicariously responsible and liable for the negligence of Defendant, JACOB ADDY, and for the injuries and other damages which have resulted from such negligence.

    7.    Plaintiff, CHARLES RITTER, has been duly qualified and appointed by the Surrogate of Burlington County to serve as the General Administrator of the Estate of his daughter, Rochelle Ritter, Deceased, and, in such capacity, brings this cause of action against Defendant, ADDY BROTHERS, LLC., under the New Jersey Survivorship Act, N.J.S.A 2A:15-3, et seq.

WHEREFORE, Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, hereby requests the entry of Judgment against Defendant, ADDY BROTHERS, LLC., for such sums as would reasonably and properly compensate him in his representative capacity under the New Jersey Survivorship Act, N.J.S.A 2A:15-3, et seq., together with Funeral Expenses and such other relief that the Court may deem just.

## SECOND COUNT

    1.    On the morning of Saturday, March 13, 2021, Rochelle Ritter, was a pedestrian and was walking on Campus Drive, in the vicinity of its intersection with Sunset Road, in the Township of Burlington, County of Burlington, and State of New Jersey.

    2.    At the time and place hereinabove described, Defendant, JACOB ADDY, was operating a motor vehicle, in the course and scope of his employment or other agency relationship for Defendant, JOHN DOE EMPLOYER (a fictitious name), and was traveling in a general northerly direction on Campus Drive, in the general vicinity of its intersection with Sunset Road, in the Township of Burlington, situated as hereinabove described.

Radano & Lide
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

*Padano & Lide*
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

3.     At the above time and place, Defendant, JACOB ADDY, so negligently operated the motor vehicle he was driving as to cause that motor vehicle to violently strike the pedestrian, Rochelle Ritter.

4.     The negligence of Defendant, JACOB ADDY, included, inter alia, the follow acts and/or omissions: (a) failing to make proper observations, (b) failing to yield to right of way to a pedestrian in the road way, (c) failing to properly operate the braking device on the vehicle, (d) failing to properly operate the steering wheel on the vehicle (e) failing to have his vehicle under full and complete control at all times, and (f) otherwise failing to exercise due care for the safety of Rochelle Ritter and other persons in the area.

5.     As a further direct and proximate result of the negligence of Defendant, JACOB ADDY, and the occurrence hereinabove described, Rochelle Ritter was caused to suffer catastrophic injuries, resulting in her untimely death on the morning of Saturday, March 13, 2021.

6.     Under the circumstances hereinabove described, Defendant, JOHN DOE EMPLOYER (a fictitious name), is vicariously responsible and liable for the negligence of Defendant, JACOB ADDY, and for the injuries and other damages which have resulted from such negligence.

7.     Plaintiff, CHARLES RITTER, has been duly qualified and appointed by the Surrogate of Burlington County to serve as the General Administrator of the Estate of his daughter, Rochelle Ritter, Deceased, and, in such capacity, brings this cause of action against Defendant, JOHN DOE EMPLOYER (a fictitious name), under the New Jersey Survivorship Act, N.J.S.A 2A:15-3, et seq.

WHEREFORE, Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, hereby requests the entry of Judgment against Defendant, JOHN DOE EMPLOYER (a fictitious name), for such sums as would reasonably and properly compensate him in his representative capacity under the New Jersey Survivorship Act, N.J.S.A 2A:15-3, et seq., together with Funeral Expenses and such other relief that the Court may deem just.

## THIRD COUNT

1.     On the morning of Saturday, March 13, 2021, Rochelle Ritter, was a pedestrian and was walking on Campus Drive, in the vicinity of its intersection with Sunset Road, in the Township of Burlington, County of Burlington, and State of New Jersey.

2.     At the time and place hereinabove described, Defendant, JACOB ADDY, was operating a motor vehicle and was traveling in a general northerly direction on Campus Drive, in the general vicinity of its intersection with Sunset Road, in the Township of Burlington, situated as hereinabove described.

3.     At the above time and place, Defendant, JACOB ADDY, so negligently operated the motor vehicle he was driving as to cause that motor vehicle to violently strike the pedestrian, Rochelle Ritter.

4.     The negligence of Defendant, JACOB ADDY, included, inter alia, the follow acts and/or omissions: (a) failing to make proper observations, (b) failing to yield to right of way to a pedestrian in the road way, (c) failing to properly operate the braking device on the vehicle, (d) failing to properly operate the steering wheel on the vehicle (e) failing to have his vehicle under full and complete control at all times, and (f) otherwise failing to exercise due care for the safety of Rochelle Ritter and other persons in the area.

5.     As a further direct and proximate result of the negligence of Defendant, JACOB ADDY, and the occurrence hereinabove described, Rochelle Ritter was caused to suffer catastrophic injuries, resulting in her untimely death on the morning of Saturday, March 13, 2021.

6.     Plaintiff, CHARLES RITTER, has been duly qualified and appointed by the Surrogate of Burlington County to serve as the General Administrator of the Estate of his daughter, Rochelle Ritter, Deceased, and, in such capacity, brings this cause of action against Defendant, JACOB ADDY, under the New Jersey Survivorship Act, N.J.S.A 2A:15-3, et seq.

WHEREFORE, Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, hereby requests the entry of Judgment against Defendant, JACOB ADDY, for such sums as would reasonably and properly compensate him in his representative capacity under the New Jersey Survivorship Act, N.J.S.A 2A:15-3, et seq., together with Funeral Expenses and such other relief that the Court may deem just.

## FOURTH COUNT

1.     Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, hereby repeats and incorporates by this reference all of the allegations contained in the preceding Counts of this Complaint as if set forth at length herein.

2.     The occurrence and resulting injuries hereinabove described were proximately caused by the concurrent negligence of Defendants, ADDY BROTHERS, LLC., JOHN DOE EMPLOYER (a fictitious name) and JACOB ADDY.

3.     Under the circumstances hereinabove alleged, Defendants, ADDY BROTHERS, LLC., JOHN DOE EMPLOYER (a fictitious name) and JACOB ADDY, are jointly and severally liable for the injuries and damages of which the Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, complains.

WHEREFORE, Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, hereby requests the entry of Judgment against Defendants, ADDY BROTHERS, LLC., JOHN DOE EMPLOYER (a fictitious name) and JACOB ADDY, jointly, severally, and in the alternative, for such sums as would reasonably and properly compensate him in her representative capacity under the New Jersey Survivorship Act, N.J.S.A 2A:15-3, et

Pisalano & Lide
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

seq., together with Funeral Expenses and such other relief that the Court may deem just.

## FIFTH COUNT

1.    On the morning of Saturday, March 13, 2021, Rochelle Ritter, was a pedestrian and was walking on Campus Drive, in the vicinity of its intersection with Sunset Road, in the Township of Burlington, County of Burlington, and State of New Jersey.

2.    At the time and place hereinabove described, Defendant, JACOB ADDY, was operating a motor vehicle, in the course and scope of his employment or other agency relationship for Defendant, ADDY BROTHERS, LLC., and was traveling in a general northerly direction on Campus Drive, in the general vicinity of its intersection with Sunset Road, in the Township of Burlington, situated as hereinabove described.

3.    At the above time and place, Defendant, JACOB ADDY, so negligently operated the motor vehicle he was driving as to cause that motor vehicle to violently strike the pedestrian, Rochelle Ritter.

4.    The negligence of Defendant, JACOB ADDY, included, inter alia, the follow acts and/or omissions: (a) failing to make proper observations, (b) failing to yield to right of way to a pedestrian in the road way, (c) failing to properly operate the braking device on the vehicle, (d) failing to properly operate the steering wheel on the vehicle (e) failing to have his vehicle under full and complete control at all times, and (f) otherwise failing to exercise due care for the safety of Rochelle Ritter and other persons in the area.

5.    As a further direct and proximate result of the negligence of Defendant, JACOB ADDY, and the occurrence hereinabove described, Rochelle Ritter was caused to suffer catastrophic injuries, resulting in her untimely death on the morning of Saturday, March 13, 2021.

6.    Under the circumstances hereinabove described, Defendant, ADDY BROTHERS, LLC., is vicariously responsible and liable for the negligence of Defendant, JACOB ADDY, and for the injuries and other damages which have resulted from such negligence, including the pecuniary losses suffered by the Decedent's children, Michael C. Wilkerson and Mercedes Wilkerson.

7.    Plaintiff, CHARLES RITTER, in his capacity as General Administratrix of the Estate of Rochelle Ritter, Deceased, has been duly qualified and appointed by the surrogate of Burling County to serve as the Administrator ad Prosequendum of the Estate of his Daughter, Rochelle Ritter, Deceased, who is survived by her two children, Michael C. Wilkerson and Mercedes Wilkerson.

WHEREFORE, Plaintiff, CHARLES RITTER, in his capacity as Administrator ad Prosequendum of the Estate of Rochelle Ritter, Deceased, hereby requests the entry of Judgment against Defendants, ADDY BROTHERS, LLC., for such sums as would reasonably compensate him, in his representative capacity, under the New Jersey Wrongful Death Act, N.J.S.A 2A:31-1, et seq, including a claim for funeral expenses and such other relief as the Court may deem just,

*Pacitano & Pide*
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

## SIXTH COUNT

1.     On the morning of Saturday, March 13, 2021, Rochelle Ritter, was a pedestrian and was walking on Campus Drive, in the vicinity of its intersection with Sunset Road, in the Township of Burlington, County of Burlington, and State of New Jersey.

2.     At the time and place hereinabove described, Defendant, JACOB ADDY, was operating a motor vehicle, in the course and scope of his employment or other agency relationship for Defendant, JOHN DOE EMPLOYER (a fictitious name), and was traveling in a general northerly direction on Campus Drive, in the general vicinity of its intersection with Sunset Road, in the Township of Burlington, situated as hereinabove described.

3.     At the above time and place, Defendant, JACOB ADDY, so negligently operated the motor vehicle he was driving as to cause that motor vehicle to violently strike the pedestrian, Rochelle Ritter.

4.     The negligence of Defendant, JACOB ADDY, included, inter alia, the follow acts and/or omissions: (a) failing to make proper observations, (b) failing to yield to right of way to a pedestrian in the road way, (c) failing to properly operate the braking device on the vehicle, (d) failing to properly operate the steering wheel on the vehicle (e) failing to have his vehicle under full and complete control at all times, and (f) otherwise failing to exercise due care for the safety of Rochelle Ritter and other persons in the area.

5.     As a further direct and proximate result of the negligence of Defendant, JACOB ADDY, and the occurrence hereinabove described, Rochelle Ritter was caused to suffer catastrophic injuries, resulting in her untimely death on the morning of Saturday, March 13, 2021.

6.     Under the circumstances hereinabove described, Defendant, JOHN DOE EMPLOYER (a fictitious name), is vicariously responsible and liable for the negligence of Defendant, JACOB ADDY, and for the injuries and other damages which have resulted from such negligence, including the pecuniary losses suffered by the Decedent's children, Michael C. Wilkerson and Mercedes Wilkerson.

7.     Plaintiff, CHARLES RITTER, in his capacity as General Administratrix of the Estate of Rochelle Ritter, Deceased, has been duly qualified and appointed by the surrogate of Burling County to serve as the Administrator ad Prosequendum of the Estate of his Daughter, Rochelle Ritter, Deceased, who is survived by her two children, Michael C. Wilkerson and Mercedes Wilkerson.

WHEREFORE, Plaintiff, CHARLES RITTER, in his capacity as Administrator ad Prosequendum of the Estate of Rochelle Ritter, Deceased, hereby requests the entry of Judgment against Defendant, JOHN DOE EMPLOYER (a fictitious name), for such sums as would reasonably compensate him, in his representative capacity, under the New Jersey Wrongful Death Act, N.J.S.A 2A:31-1, et seq, including a claim for funeral expenses and such other relief as the Court may deem just,

Pedano & Lide
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

**SEVENTH COUNT**

1.     On the morning of Saturday, March 13, 2021, Rochelle Ritter, was a pedestrian and was walking on Campus Drive, in the vicinity of its intersection with Sunset Road, in the Township of Burlington, County of Burlington, and State of New Jersey.

2.     At the time and place hereinabove described, Defendant, JACOB ADDY, was operating a motor vehicle and was traveling in a general northerly direction on Campus Drive, in the general vicinity of its intersection with Sunset Road, in the Township of Burlington, situated as hereinabove described.

3.     At the above time and place, Defendant, JACOB ADDY, so negligently operated the motor vehicle he was driving as to cause that motor vehicle to violently strike the pedestrian, Rochelle Ritter.

4.     The negligence of Defendant, JACOB ADDY, included, inter alia, the follow acts and/or omissions: (a) failing to make proper observations, (b) failing to yield to right of way to a pedestrian in the road way, (c) failing to properly operate the braking device on the vehicle, (d) failing to properly operate the steering wheel on the vehicle (e) failing to have his vehicle under full and complete control at all times, and (f) otherwise failing to exercise due care for the safety of Rochelle Ritter and other persons in the area.

5.     As a further direct and proximate result of the negligence of Defendant, JACOB ADDY, and the occurrence hereinabove described, Rochelle Ritter was caused to suffer catastrophic injuries, resulting in her untimely death on the morning of Saturday, March 13, 2021.

6.     Plaintiff, CHARLES RITTER, in his capacity as General Administratrix of the Estate of Rochelle Ritter, Deceased, has been duly qualified and appointed by the surrogate of Burling County to serve as the Administrator ad Prosequendum of the Estate of his Daughter, Rochelle Ritter, Deceased, who is survived by her two children, Michael C. Wilkerson and Mercedes Wilkerson.

WHEREFORE, Plaintiff, CHARLES RITTER, in his capacity as Administrator ad Prosequendum of the Estate of Rochelle Ritter, Deceased, hereby requests the entry of Judgment against Defendants, JACOB ADDY, for such sums as would reasonably compensate him, in his representative capacity, under the New Jersey Wrongful Death Act, N.J.S.A 2A:31-1, et seq, including a claim for funeral expenses and such other relief as the Court may deem just,

**EIGHTH COUNT**

1.     Plaintiff, CHARLES RITTER, in his capacity as Administrator ad Prosequendum of the Estate of Rochelle Ritter, Deceased, hereby repeats and incorporates by this reference all of the allegations contained in the Fifth, Sixth and Seventh Counts of this Complaint as if set forth at length herein.

2.     The occurrence and resulting injuries hereinabove described were proximately caused by the concurrent negligence of Defendants, ADDY BROTHERS, LLC., JOHN DOE EMPLOYER (a fictitious name) and JACOB ADDY.

Radano & Lala
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

3.     Under the circumstances hereinabove alleged, Defendants, ADDY BROTHERS, LLC., JOHN DOE EMPLOYER (a fictitious name) and JACOB ADDY, are jointly and severally liable for the injuries and damages of which the Plaintiff, CHARLES RITTER, in his capacity as Administrator ad Prosequendum of the Estate of Rochelle Ritter, Deceased, complains.

WHEREFORE, Plaintiff, CHARLES RITTER, in his capacity as Administrator ad Prosequendum of the Estate of Rochelle Ritter, Deceased, hereby requests the entry of Judgment against Defendants, ADDY BROTHERS, LLC., JOHN DOE EMPLOYER (a fictitious name) and JACOB ADDY, for such sums as would reasonably compensate him, in his representative capacity, under the New Jersey Wrongful Death Act, N.J.S.A 2A:31-1, et seq, including a claim for funeral expenses and such other relief as the Court may deem just,

### NOTICE PURSUANT TO RULES 1:5-1(a) and 4:17-4(c)

***TAKE NOTICE*** that the undersigned attorneys for the Plaintiff, Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, and in his capacity as Administrator as Prosequendum of he Estate of Rochelle Ritter, Deceased, hereby demand, pursuant to rules 1:5-1(a) and 4:17-4(c), that each party herein serving pleadings and Interrogatories and receiving answers thereto serve copies of all such pleadings and answered Interrogatories upon the undersigned attorneys and ***TAKE NOTICE*** that this is a continuing demand.

RADANO & LIDE

DATED:  September 24, 2021          BY: _____

MELVILLE D. LIDE

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, the undersigned attorneys for the Plaintiff, Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, and in his capacity as Administrator as Prosequendum of he Estate of Rochelle Ritter, Deceased, hereby designate Paul V. Orecchia, Esquire, as Trial counsel.

RADANO & LIDE

DATED:  September 24, 2021          BY: _____

MELVILLE D. LIDE

### DEMAND FOR JURY TRIAL

***TAKE NOTICE*** that the Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, and in his capacity

*Radano & Lide*
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

as Administrator as Prosequendum of he Estate of Rochelle Ritter, Deceased, hereby demand a Trial by Jury on all issues in accordance with the Rules of this Court.

RADANO & LIDE

DATED:   September 24, 2021        BY:

MELVILLE D. LIDE

## DEMAND FOR INTERROGATORIES

*TAKE NOTICE* that, pursuant to New Jersey Court Rule 4:17-1, as Amended effective September 5, 2000, Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, and in his capacity as Administrator as Prosequendum of he Estate of Rochelle Ritter, Deceased, hereby demand that Defendants, ADDY BROTHERS, LLC., JOHN DOE EMPLOYER (a fictitious name) and JACOB ADDY, provide Answers to "Uniform Interrogatories Form C and C(2)" within the sixty (60) day time period prescribed by the New Jersey Court Rules.

RADANO & LIDE

DATED:   September 24, 2021        BY:

MELVILLE D. LIDE

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE INFORMATION

*PLEASE TAKE NOTICE* that the undersigned attorney for the Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, and in his capacity as Administrator as Prosequendum of he Estate of Rochelle Ritter, Deceased, hereby demand that Defendants, ADDY BROTHERS, LLC., JOHN DOE EMPLOYER (a fictitious name) and JACOB ADDY, hereby demand that all Defendants produce complete copies of any and all Motor Vehicle liability insurance policies that were in effect at the time of the March 13, 2021, motor vehicle accident. This request includes, but is not limited to, the declaration sheet, the actual policy and any and all endorsements to the policy. This demand can be complied with by sending certified complete copies of the applicable policies to the undersigned attorney for the Plaintiff within 50 days of the Service of the Complaint, or alternatively, by producing the original of said policy at the office of the undersigned attorney at 10:00 a.m. on the foregoing date.

RADANO & LIDE

DATED:   September 24, 2021        BY:

MELVILLE D. LIDE

*Radano & Lide*
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

## NOTICE TO PRODUCE DOCUMENTS

***PLEASE TAKE NOTICE*** that, pursuant to Rule 4:18-1, we hereby request that you produce at the offices of Radano & Lide, within thirty-five (35) days of the filing of an Answer to the Complaint and permit the party making this request to inspect and copy the following designated documents and things; or, in the alternative, respond by providing such items by mail prior thereto:

1) Copies of all photographs or videotapes of the parties involved, vehicles involved, the scene of the accident or any other relevant photographs or videotapes in possession of Defendant(s) or their attorneys, representatives or insurance carrier.

2) Copies of any diagrams, reports, floor plans, sketches, architect s renderings, or other schematic prepared by police, investigators, the parties or any other person.

3) Copies of any and all medical record(s) of Plaintiff obtained by you or your representatives from sources other than Plaintiff in the course of Discovery or investigation.

4) Copies of any and all statements of the parties to this lawsuit, written or oral, including but not limited to electronic notations, log notes, computer records, records, or other documentation memorializing statements of parties or conversations with any party of this lawsuit.

5) A copy of the report(s) of any expert upon which will rely, setting forth the facts and opinions to which the expert is expected to testify, the summary of grounds for each opinion and a copy of the current curriculum vitae of said expert.

6) Any and all exhibits and documentary evidence which may be used at Trial.

7) A copy of any CIB or other claim index pertaining to report to Plaintiff which has been obtained by you or anyone acting on your behalf.

8) Any and all transcripts, reports or documents in your possession which could be used in cross examination of Plaintiff s experts at Trial, or which you are in possession of, whether or not you intend to use them at Trial.

9) Name and address of the Defendant driver's employer at the time of the March 13, 2021, collision.

10) A copy of the Driver's License of Defendant, JACOB ADDY.

RADANO & LIDE

DATED: September 24, 2021       BY: _____

MELVILLE D. LIDE

Radano & Lide
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

## CERTIFICATION IN ACCORDANCE WITH RULE 4:5-1

Pursuant to Rule 4:5-1, it is hereby certified that, to the best of my knowledge, there are no other pending actions or proceedings involving the matter

in controversy; none are contemplated and I do not presently know the identity of any other party who should be joined, except that I am aware that investigation is continuing with respect to potentially responsible parties and such investigation necessarily requires access to the file of the Burlington County Prosecutor.

RADANO & LIDE

DATED:  September 24, 2021                    BY: _____

MELVILLE D. LIDE

*Radano & Lide*
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

# Civil Case Information Statement

## Case Details: BURLINGTON | Civil Part Docket# L-002043-21

**Case Caption:** RITTER CHARLES  VS ADDY BROTHERS, LLC.

**Case Initiation Date:** 09/27/2021

**Attorney Name:** MELVILLE D LIDE

**Firm Name:** RADANO & LIDE

**Address:** 78 WEST PARK AVE - STE 2 P.O.  BOX 1477
VINELAND NJ 08360

**Phone:** 8566912500

**Name of Party:** PLAINTIFF : RITTER, CHARLES

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by:** CHARLES RITTER? NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/27/2021
Dated

/s/ MELVILLE D LIDE
Signed

EXHIBIT "B"

*Radano & Lide*

ATTORNEYS AT LAW
PAUL V. ORECCHIA (Designated Trial Counsel)
Attorney ID Number 029261993
MELVILLE D. LIDE, ESQUIRE
Attorney ID Number 003171980
Post Office Box 1477
Vineland, New Jersey 08362-1477
(856) 691-2500
Attorneys for Plaintiff

File No.: 6225-21

| **Plaintiff(s)** | : SUPERIOR COURT OF NEW JERSEY |
|---|---|
| | : LAW DIVISION |
| CHARLES RITTER, General | : BURLINGTON COUNTY |
| Administrator and Administrator ad | : |
| Prosequendum of the Estate of his | : |
| daughter, ROCHELLE RITTER, | : |
| Deceased | : |
| | : DOCKET NO. BUR-L-2043-21 |
| **Defendant(s)** | : |
| | : **Civil Action** |
| ADDY BROTHERS, LLC., JOHN | : AMENDED COMPLAINT, |
| DOE EMPLOYER (a fictitious name), | : OFFER TO TAKE JUDGMENT |
| JACOB ADDY, and | : and JURY DEMAND |
| AMAZON.COM, INC. | : |

Plaintiff, CHARLES RITTER, in his capacity as General Administrator and as Administrator ad Prosequendum of the Estate of his Daughter, Rochelle Ritter, Deceased, residing at 1701 Salem Road, in the Township of Burlington, County of Burlington, and State of New Jersey, by way of Amended Complaint against Defendants, ADDY BROTHERS, LLC., JOHN DOE EMPLOYER (a fictitious name) JACOB ADDY and AMAZON.COM, INC., says:

## FIRST COUNT

1.    On the morning of Saturday, March 13, 2021, Rochelle Ritter, was a pedestrian and was walking on Campus Drive, in the vicinity of its intersection with Sunset Road, in the Township of Burlington, County of Burlington, and State of New Jersey.

2.    At the time and place hereinabove described, Defendant, JACOB ADDY, was operating a motor vehicle, in the course and scope of his employment or other agency relationship for Defendant, ADDY BROTHERS, LLC., and was traveling in a general northerly direction on Campus Drive, in the general vicinity of its intersection with Sunset Road, in the Township of Burlington, situated as hereinabove described.

3.    At the above time and place, Defendant, JACOB ADDY, so negligently operated the motor vehicle he was driving as to cause that motor vehicle to violently strike the pedestrian, Rochelle Ritter.

4.    The negligence of Defendant, JACOB ADDY, included, inter alia, the follow acts and/or omissions: (a) failing to make proper observations, (b) failing to yield to right of way to a pedestrian in the road way, (c) failing to properly operate the braking device on the vehicle, (d) failing to properly operate the steering wheel on the vehicle (e) failing to have his vehicle under full and complete control at all times, and (f) otherwise failing to exercise due care for the safety of Rochelle Ritter and other persons in the area.

5.    As a further direct and proximate result of the negligence of Defendant, JACOB ADDY, and the occurrence hereinabove described, Rochelle Ritter was caused to suffer catastrophic injuries, resulting in her untimely death on the morning of Saturday, March 13, 2021.

6.    Under the circumstances hereinabove described, Defendant, ADDY BROTHERS, LLC., is vicariously responsible and liable for the negligence of Defendant, JACOB ADDY, and for the injuries and other damages which have resulted from such negligence.

7.    Plaintiff, CHARLES RITTER, has been duly qualified and appointed by the Surrogate of Burlington County to serve as the General Administrator of the Estate of his daughter, Rochelle Ritter, Deceased, and, in such capacity, brings this cause of action against Defendant, ADDY BROTHERS, LLC., under the New Jersey Survivorship Act, N.J.S.A 2A:15-3, et seq.

WHEREFORE, Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, hereby requests the entry of Judgment against Defendant, ADDY BROTHERS, LLC., for such sums as would reasonably and properly compensate him in his representative capacity under the New Jersey Survivorship Act, N.J.S.A 2A:15-3, et seq., together with Funeral Expenses and such other relief that the Court may deem just.

## SECOND COUNT

1.    On the morning of Saturday, March 13, 2021, Rochelle Ritter, was a pedestrian and was walking on Campus Drive, in the vicinity of its intersection

with Sunset Road, in the Township of Burlington, County of Burlington, and State of New Jersey.

    2.    At the time and place hereinabove described, Defendant, JACOB ADDY, was operating a motor vehicle, in the course and scope of his employment or other agency relationship for Defendant, JOHN DOE EMPLOYER (a fictitious name), and was traveling in a general northerly direction on Campus Drive, in the general vicinity of its intersection with Sunset Road, in the Township of Burlington, situated as hereinabove described.

    3.    At the above time and place, Defendant, JACOB ADDY, so negligently operated the motor vehicle he was driving as to cause that motor vehicle to violently strike the pedestrian, Rochelle Ritter.

    4.    The negligence of Defendant, JACOB ADDY, included, inter alia, the follow acts and/or omissions: (a) failing to make proper observations, (b) failing to yield to right of way to a pedestrian in the road way, (c) failing to properly operate the braking device on the vehicle, (d) failing to properly operate the steering wheel on the vehicle (e) failing to have his vehicle under full and complete control at all times, and (f) otherwise failing to exercise due care for the safety of Rochelle Ritter and other persons in the area.

    5.    As a further direct and proximate result of the negligence of Defendant, JACOB ADDY, and the occurrence hereinabove described, Rochelle Ritter was caused to suffer catastrophic injuries, resulting in her untimely death on the morning of Saturday, March 13, 2021.

    6.    Under the circumstances hereinabove described, Defendant, JOHN DOE EMPLOYER (a fictitious name), is vicariously responsible and liable for the negligence of Defendant, JACOB ADDY, and for the injuries and other damages which have resulted from such negligence.

    7.    Plaintiff, CHARLES RITTER, has been duly qualified and appointed by the Surrogate of Burlington County to serve as the General Administrator of the Estate of his daughter, Rochelle Ritter, Deceased, and, in such capacity, brings this cause of action against Defendant, JOHN DOE EMPLOYER (a fictitious name), under the New Jersey Survivorship Act, N.J.S.A 2A:15-3, et seq.

WHEREFORE, Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, hereby requests the entry of Judgment against Defendant, JOHN DOE EMPLOYER (a fictitious name), for such sums as would reasonably and properly compensate him in his representative capacity under the New Jersey Survivorship Act, N.J.S.A 2A:15-3, et seq., together with Funeral Expenses and such other relief that the Court may deem just.

Pacluno & Pile
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

## THIRD COUNT

1.    On the morning of Saturday, March 13, 2021, Rochelle Ritter, was a pedestrian and was walking on Campus Drive, in the vicinity of its intersection with Sunset Road, in the Township of Burlington, County of Burlington, and State of New Jersey.

2.    At the time and place hereinabove described, Defendant, JACOB ADDY, was operating a motor vehicle and was traveling in a general northerly direction on Campus Drive, in the general vicinity of its intersection with Sunset Road, in the Township of Burlington, situated as hereinabove described.

3.    At the above time and place, Defendant, JACOB ADDY, so negligently operated the motor vehicle he was driving as to cause that motor vehicle to violently strike the pedestrian, Rochelle Ritter.

4.    The negligence of Defendant, JACOB ADDY, included, inter alia, the follow acts and/or omissions: (a) failing to make proper observations, (b) failing to yield to right of way to a pedestrian in the road way, (c) failing to properly operate the braking device on the vehicle, (d) failing to properly operate the steering wheel on the vehicle (e) failing to have his vehicle under full and complete control at all times, and (f) otherwise failing to exercise due care for the safety of Rochelle Ritter and other persons in the area.

5.    As a further direct and proximate result of the negligence of Defendant, JACOB ADDY, and the occurrence hereinabove described, Rochelle Ritter was caused to suffer catastrophic injuries, resulting in her untimely death on the morning of Saturday, March 13, 2021.

6.    Plaintiff, CHARLES RITTER, has been duly qualified and appointed by the Surrogate of Burlington County to serve as the General Administrator of the Estate of his daughter, Rochelle Ritter, Deceased, and, in such capacity, brings this cause of action against Defendant, JACOB ADDY, under the New Jersey Survivorship Act, N.J.S.A 2A:15-3, et seq.

WHEREFORE, Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, hereby requests the entry of Judgment against Defendant, JACOB ADDY, for such sums as would reasonably and properly compensate him in his representative capacity under the New Jersey Survivorship Act, N.J.S.A 2A:15-3, et seq., together with Funeral Expenses and such other relief that the Court may deem just.

## FOURTH COUNT

1.    Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, hereby repeats and incorporates by this reference all of the allegations contained in the First and Third Counts of this Amended Complaint as if set forth at length herein.

Pisalano & Jude
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

2.      At the time of the pedestrian/motor vehicle collision hereinabove described, Defendant, ADDY BROTHERS, LLC. and JACOB ADDY, were acting in the course and scope of an agency relationship for Defendant, AMAZON.COM, INC.

3.      Under the terms of the agency relationship hereinabove described, Defendant, AMAZON.COM, INC., maintained a high degree of control and/or right of control over the precise details of the package delivery process and, under the circumstances herein described, Defendant, AMAZON.COM, INC., is vicariously responsible and liable for the conduct of Defendants, ADDY BROTHERS, LLC. and JACOB ADDY.

WHEREFORE, Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, hereby requests the entry of Judgment against Defendant, AMAZON.COM, INC., for such sums as would reasonably and properly compensate him in his representative capacity under the New Jersey Survivorship Act, N.J.S.A 2A:15-3, et seq., together with Funeral Expenses and such other relief that the Court may deem just.

## FIFTH COUNT

1.      Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, hereby repeats and incorporates by this reference all of the allegations contained in the preceding Counts of this Amended Complaint as if set forth at length herein.

2.      The occurrence and resulting injuries hereinabove described were proximately caused by the concurrent negligence of Defendants, ADDY BROTHERS, LLC., JOHN DOE EMPLOYER (a fictitious name) JACOB ADDY and AMAZON.COM, INC..

3.      Under the circumstances hereinabove alleged, Defendants, ADDY BROTHERS, LLC., JOHN DOE EMPLOYER (a fictitious name) JACOB ADDY and AMAZON.COM, INC., are jointly and severally liable for the injuries and damages of which the Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, complains.

WHEREFORE, Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, hereby requests the entry of Judgment against Defendants, ADDY BROTHERS, LLC., JOHN DOE EMPLOYER (a fictitious name) JACOB ADDY and AMAZON.COM, INC., jointly, severally, and in the alternative, for such sums as would reasonably and properly compensate him in her representative capacity under the New Jersey Survivorship Act, N.J.S.A 2A:15-3, et seq., together with Funeral Expenses and such other relief that the Court may deem just.

Gualano & Lide
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

Paolino & Jude
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

## SIXTH COUNT

1.     On the morning of Saturday, March 13, 2021, Rochelle Ritter, was a pedestrian and was walking on Campus Drive, in the vicinity of its intersection with Sunset Road, in the Township of Burlington, County of Burlington, and State of New Jersey.

2.     At the time and place hereinabove described, Defendant, JACOB ADDY, was operating a motor vehicle, in the course and scope of his employment or other agency relationship for Defendant, ADDY BROTHERS, LLC., and was traveling in a general northerly direction on Campus Drive, in the general vicinity of its intersection with Sunset Road, in the Township of Burlington, situated as hereinabove described.

3.     At the above time and place, Defendant, JACOB ADDY, so negligently operated the motor vehicle he was driving as to cause that motor vehicle to violently strike the pedestrian, Rochelle Ritter.

4.     The negligence of Defendant, JACOB ADDY, included, inter alia, the follow acts and/or omissions: (a) failing to make proper observations, (b) failing to yield to right of way to a pedestrian in the road way, (c) failing to properly operate the braking device on the vehicle, (d) failing to properly operate the steering wheel on the vehicle (e) failing to have his vehicle under full and complete control at all times, and (f) otherwise failing to exercise due care for the safety of Rochelle Ritter and other persons in the area.

5.     As a further direct and proximate result of the negligence of Defendant, JACOB ADDY, and the occurrence hereinabove described, Rochelle Ritter was caused to suffer catastrophic injuries, resulting in her untimely death on the morning of Saturday, March 13, 2021.

6.     Under the circumstances hereinabove described, Defendant, ADDY BROTHERS, LLC., is vicariously responsible and liable for the negligence of Defendant, JACOB ADDY, and for the injuries and other damages which have resulted from such negligence, including the pecuniary losses suffered by the Decedent's children, Michael C. Wilkerson and Mercedes Wilkerson.

7.     Plaintiff, CHARLES RITTER, in his capacity as General Administratrix of the Estate of Rochelle Ritter, Deceased, has been duly qualified and appointed by the surrogate of Burling County to serve as the Administrator ad Prosequendum of the Estate of his Daughter, Rochelle Ritter, Deceased, who is survived by her two children, Michael C. Wilkerson and Mercedes Wilkerson.

WHEREFORE, Plaintiff, CHARLES RITTER, in his capacity as Administrator ad Prosequendum of the Estate of Rochelle Ritter, Deceased, hereby requests the entry of Judgment against Defendants, ADDY BROTHERS, LLC., for such sums as would reasonably compensate him, in his representative capacity, under

the New Jersey Wrongful Death Act, N.J.S.A 2A:31-1, et seq, including a claim for funeral expenses and such other relief as the Court may deem just,

## SEVENTH COUNT

1.      On the morning of Saturday, March 13, 2021, Rochelle Ritter, was a pedestrian and was walking on Campus Drive, in the vicinity of its intersection with Sunset Road, in the Township of Burlington, County of Burlington, and State of New Jersey.

2.      At the time and place hereinabove described, Defendant, JACOB ADDY, was operating a motor vehicle, in the course and scope of his employment or other agency relationship for Defendant, JOHN DOE EMPLOYER (a fictitious name), and was traveling in a general northerly direction on Campus Drive, in the general vicinity of its intersection with Sunset Road, in the Township of Burlington, situated as hereinabove described.

3.      At the above time and place, Defendant, JACOB ADDY, so negligently operated the motor vehicle he was driving as to cause that motor vehicle to violently strike the pedestrian, Rochelle Ritter.

4.      The negligence of Defendant, JACOB ADDY, included, inter alia, the follow acts and/or omissions: (a) failing to make proper observations, (b) failing to yield to right of way to a pedestrian in the road way, (c) failing to properly operate the braking device on the vehicle, (d) failing to properly operate the steering wheel on the vehicle (e) failing to have his vehicle under full and complete control at all times, and (f) otherwise failing to exercise due care for the safety of Rochelle Ritter and other persons in the area.

5.      As a further direct and proximate result of the negligence of Defendant, JACOB ADDY, and the occurrence hereinabove described, Rochelle Ritter was caused to suffer catastrophic injuries, resulting in her untimely death on the morning of Saturday, March 13, 2021.

6.      Under the circumstances hereinabove described, Defendant, JOHN DOE EMPLOYER (a fictitious name), is vicariously responsible and liable for the negligence of Defendant, JACOB ADDY, and for the injuries and other damages which have resulted from such negligence, including the pecuniary losses suffered by the Decedent's children, Michael C. Wilkerson and Mercedes Wilkerson.

7.      Plaintiff, CHARLES RITTER, in his capacity as General Administratrix of the Estate of Rochelle Ritter, Deceased, has been duly qualified and appointed by the surrogate of Burling County to serve as the Administrator ad Prosequendum of the Estate of his Daughter, Rochelle Ritter, Deceased, who is survived by her two children, Michael C. Wilkerson and Mercedes Wilkerson.

WHEREFORE, Plaintiff, CHARLES RITTER, in his capacity as Administrator ad Prosequendum of the Estate of Rochelle Ritter, Deceased, hereby

Radano & Lade
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

requests the entry of Judgment against Defendant, JOHN DOE EMPLOYER (a fictitious name), for such sums as would reasonably compensate him, in his representative capacity, under the New Jersey Wrongful Death Act, N.J.S.A 2A:31-1, et seq, including a claim for funeral expenses and such other relief as the Court may deem just,

## EIGHTH COUNT

1.    On the morning of Saturday, March 13, 2021, Rochelle Ritter, was a pedestrian and was walking on Campus Drive, in the vicinity of its intersection with Sunset Road, in the Township of Burlington, County of Burlington, and State of New Jersey.

2.    At the time and place hereinabove described, Defendant, JACOB ADDY, was operating a motor vehicle and was traveling in a general northerly direction on Campus Drive, in the general vicinity of its intersection with Sunset Road, in the Township of Burlington, situated as hereinabove described.

3.    At the above time and place, Defendant, JACOB ADDY, so negligently operated the motor vehicle he was driving as to cause that motor vehicle to violently strike the pedestrian, Rochelle Ritter.

4.    The negligence of Defendant, JACOB ADDY, included, inter alia, the follow acts and/or omissions: (a) failing to make proper observations, (b) failing to yield to right of way to a pedestrian in the road way, (c) failing to properly operate the braking device on the vehicle, (d) failing to properly operate the steering wheel on the vehicle (e) failing to have his vehicle under full and complete control at all times, and (f) otherwise failing to exercise due care for the safety of Rochelle Ritter and other persons in the area.

5.    As a further direct and proximate result of the negligence of Defendant, JACOB ADDY, and the occurrence hereinabove described, Rochelle Ritter was caused to suffer catastrophic injuries, resulting in her untimely death on the morning of Saturday, March 13, 2021.

6.    Plaintiff, CHARLES RITTER, in his capacity as General Administratrix of the Estate of Rochelle Ritter, Deceased, has been duly qualified and appointed by the surrogate of Burling County to serve as the Administrator ad Prosequendum of the Estate of his Daughter, Rochelle Ritter, Deceased, who is survived by her two children, Michael C. Wilkerson and Mercedes Wilkerson.

WHEREFORE, Plaintiff, CHARLES RITTER, in his capacity as Administrator ad Prosequendum of the Estate of Rochelle Ritter, Deceased, hereby requests the entry of Judgment against Defendants, JACOB ADDY, for such sums as would reasonably compensate him, in his representative capacity, under the New Jersey Wrongful Death Act, N.J.S.A 2A:31-1, et seq, including a claim for funeral expenses and such other relief as the Court may deem just,

Radano & Lide
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

## NINTH COUNT

1.     Plaintiff, CHARLES RITTER, in his capacity as Administrator ad Prosequendum of the Estate of Rochelle Ritter, Deceased, hereby repeats and incorporates by this reference all of the allegations contained in the Sixth and Eighth Counts of this Amended Complaint as if set forth at length herein.

2.     At the time of the pedestrian/motor vehicle collision hereinabove described, Defendant, ADDY BROTHERS, LLC. and JACOB ADDY, were acting in the course and scope of an agency relationship for Defendant, AMAZON.COM, INC.

3.     Under the terms of the agency relationship hereinabove described, Defendant, AMAZON.COM, INC., maintained a high degree of control and/or right of control over the precise details of the package delivery process and, under the circumstances herein described, Defendant, AMAZON.COM, INC., is vicariously responsible and liable for the conduct of Defendants, ADDY BROTHERS, LLC. and JACOB ADDY.

WHEREFORE, Plaintiff, CHARLES RITTER, in his capacity as Administrator ad Prosequendum of the Estate of Rochelle Ritter, Deceased, hereby requests the entry of Judgment against Defendant, AMAZON.COM, INC., for such sums as would reasonably compensate him, in his representative capacity, under the New Jersey Wrongful Death Act, N.J.S.A 2A:31-1, et seq, including a claim for funeral expenses and such other relief as the Court may deem just,

## TENTH COUNT

1.     Plaintiff, CHARLES RITTER, in his capacity as Administrator ad Prosequendum of the Estate of Rochelle Ritter, Deceased, hereby repeats and incorporates by this reference all of the allegations contained in the Sixth, Seventh Eighth and Ninth Counts of this Amended Complaint as if set forth at length herein.

2.     The occurrence and resulting injuries hereinabove described were proximately caused by the concurrent negligence of Defendants, ADDY BROTHERS, LLC., JOHN DOE EMPLOYER (a fictitious name) and JACOB ADDY.

3.     Under the circumstances hereinabove alleged, Defendants, ADDY BROTHERS, LLC., JOHN DOE EMPLOYER (a fictitious name) and JACOB ADDY, are jointly and severally liable for the injuries and damages of which the Plaintiff, CHARLES RITTER, in his capacity as Administrator ad Prosequendum of the Estate of Rochelle Ritter, Deceased, complains.

WHEREFORE, Plaintiff, CHARLES RITTER, in his capacity as Administrator ad Prosequendum of the Estate of Rochelle Ritter, Deceased, hereby requests the entry of Judgment against Defendants, ADDY BROTHERS, LLC.,

*Pacuano & Fale*
ATTORNEYS AT LAW
76 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

JOHN DOE EMPLOYER (a fictitious name) JACOB ADDY and AMAZON.COM, INC., for such sums as would reasonably compensate him, in his representative capacity, under the New Jersey Wrongful Death Act, N.J.S.A 2A:31-1, et seq, including a claim for funeral expenses and such other relief as the Court may deem just,

## NOTICE PURSUANT TO RULES 1:5-1(a) and 4:17-4(c)

*TAKE NOTICE* that the undersigned attorneys for the Plaintiff, Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, and in his capacity as Administrator as Prosequendum of he Estate of Rochelle Ritter, Deceased, hereby demand, pursuant to rules 1:5-1(a) and 4:17-4(c), that each party herein serving pleadings and Interrogatories and receiving answers thereto serve copies of all such pleadings and answered Interrogatories upon the undersigned attorneys and *TAKE NOTICE* that this is a continuing demand.

DATED: December 1, 2021        BY:

RADANO & LIDE

MELVILLE D. LIDE

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, the undersigned attorneys for the Plaintiff, Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, and in his capacity as Administrator as Prosequendum of he Estate of Rochelle Ritter, Deceased, hereby designate Paul V. Orecchia, Esquire, as Trial counsel.

DATED: December 1, 2021        BY:

RADANO & LIDE

MELVILLE D. LIDE

## OFFER TO TAKE JUDGMENT

*PLEASE TAKE NOTICE* that pursuant to Rule 4:58-1, the Plaintiff, CHARLES RITTER, in his capacity as General Administrator and as Administrator ad Prosequendum of the Estate of Rochelle Ritter, Deceased, offers to take a Judgment against Defendants, ADDY BROTHERS, LLC., JOHN DOE EMPLOYER (a fictitious name) JACOB ADDY and AMAZON.COM, INC., jointly severally and in the alternative, in the amount of $1,000,000.00 (One Million Dollars), without prejudice, with costs accrued to date hereof.

*Radano & Lide*
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

***PLEASE TAKE FURTHER NOTICE*** that if this Offer to Take Judgment is not timely accepted in accordance with R. 4:58-1, et seq., an application may be made for all reasonable litigation expenses incurred following such non-acceptance, interest at 8% (or prevailing rate), attorneys' fees, and costs.

DATED:  December 1, 2021               BY: _____

RADANO & LIDE

MELVILLE D. LIDE

## DEMAND FOR JURY TRIAL
***TAKE NOTICE*** that the Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, and in his capacity as Administrator as Prosequendum of he Estate of Rochelle Ritter, Deceased, hereby demand a Trial by Jury on all issues in accordance with the Rules of this Court.

DATED:  December 1, 2021               BY: _____

RADANO & LIDE

MELVILLE D. LIDE

## DEMAND FOR INTERROGATORIES
***TAKE NOTICE*** that, pursuant to New Jersey Court Rule 4:17-1, as Amended effective September 5, 2000, Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, and in his capacity as Administrator as Prosequendum of he Estate of Rochelle Ritter, Deceased, hereby demand that Defendants, ADDY BROTHERS, LLC., JOHN DOE EMPLOYER (a fictitious name) JACOB ADDY and AMAZON.COM, INC., provide Answers to "Uniform Interrogatories Form C and C(2)" within the sixty (60) day time period prescribed by the New Jersey Court Rules.

DATED:  December 1, 2021               BY: _____

RADANO & LIDE

MELVILLE D. LIDE

## DEMAND FOR DISCOVERY OF INSURANCE
## COVERAGE INFORMATION
***PLEASE TAKE NOTICE*** that the undersigned attorney for the Plaintiff, CHARLES RITTER, in his capacity as General Administrator of the Estate of Rochelle Ritter, Deceased, and in his capacity as Administrator as Prosequendum of

*Radano & Lide*
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

he Estate of Rochelle Ritter, Deceased, hereby demand that Defendants, ADDY BROTHERS, LLC., JOHN DOE EMPLOYER (a fictitious name) JACOB ADDY and AMAZON.COM, INC., hereby demand that all Defendants produce complete copies of any and all Motor Vehicle liability insurance policies that were in effect at the time of the March 13, 2021, motor vehicle accident. This request includes, but is not limited to, the declaration sheet, the actual policy and any and all endorsements to the policy. This demand can be complied with by sending certified complete copies of the applicable policies to the undersigned attorney for the Plaintiff within 50 days of the Service of the Complaint, or alternatively, by producing the original of said policy at the office of the undersigned attorney at 10:00 a.m. on the foregoing date.

RADANO & LIDE

DATED:    December 1, 2021           BY:

MELVILLE D. LIDE

Radano & Lide
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

## NOTICE TO PRODUCE DOCUMENTS

**PLEASE TAKE NOTICE** that, pursuant to Rule 4:18-1, we hereby request that you produce at the offices of Radano & Lide, within thirty-five (35) days of the filing of an Answer to the Complaint and permit the party making this request to inspect and copy the following designated documents and things; or, in the alternative, respond by providing such items by mail prior thereto:

1)    Copies of all photographs or videotapes of the parties involved, vehicles involved, the scene of the accident or any other relevant photographs or videotapes in possession of Defendant(s) or their attorneys, representatives or insurance carrier.

2)    Copies of any diagrams, reports, floor plans, sketches, architect s renderings, or other schematic prepared by police, investigators, the parties or any other person.

3)    Copies of any and all medical record(s) of Plaintiff obtained by you or your representatives from sources other than Plaintiff in the course of Discovery or investigation.

4)    Copies of any and all statements of the parties to this lawsuit, written or oral, including but not limited to electronic notations, log notes, computer records, records, or other documentation memorializing statements of parties or conversations with any party of this lawsuit.

5)    A copy of the report(s) of any expert upon which will rely, setting forth the facts and opinions to which the expert is expected to testify, the summary

of grounds for each opinion and a copy of the current curriculum vitae of said expert.

    6)    Any and all exhibits and documentary evidence which may be used at Trial.

    7)    A copy of any CIB or other claim index pertaining to report to Plaintiff which has been obtained by you or anyone acting on your behalf.

    8)    Any and all transcripts, reports or documents in your possession which could be used in cross examination of Plaintiff s experts at Trial, or which you are in possession of, whether or not you intend to use them at Trial.

    9)    Name and address of the Defendant driver's employer at the time of the March 13, 2021, collision.

    10)    A copy of the Driver's License of Defendant, JACOB ADDY.

RADANO & LIDE

DATED:   December 1, 2021       BY: _____

MELVILLE D. LIDE

Radano & Lide
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

# EXHIBIT "C"

*Radano & Lide*

*Attorneys at Law*

*78 West Park Avenue, Suite 2*

*Vineland, New Jersey 08360*

(856) 691-2500

*Fax: (856) 691-5574*

———

*Post Office Box 1477*

*Vineland, New Jersey 08362-1477*

October 27, 2021
SENT VIA UPS

*Nicholas G. Radano* ◊

*Melville D. Lide*

*Michael J. Gaffney* ◊ *

*Paul V. Orecchia* ◊

*Kelly A. Dougherty*

◊ *Member NJ & PA Bar*

* *Certified by the Supreme Court of New Jersey as a Civil Trial Attorney*

*505 New Road*

*Northfield, New Jersey 08225*

(609) 926-6999

*Please reply to:*  ■ *Vineland*
                              ☐ *Northfield*

Jacob Addy
631 Talcottville Road, Apt. M7
Vernon, CT  06066

Re:  CHARLES RITTER, General Administrator and Administrator ad Prosequendum
      of the Estate of his daughter, ROCHELLE RITTER, deceased vs. ADDY BROTHERS
      LLC., JOHN DOE EMPLOYER (a fictitious name), and JACOB ADDY

      Docket No:  BUR-L-2043-21

Dear Jacob Addy:

Enclosed please find a copy of Summons, Complaint and Jury Demand which we are
herewith serving upon you. These suit papers are being served by UPS in accordance with
New Jersey Court Rule 4:4-4 (a).

Kindly acknowledge receipt of these materials by signing and returning the enclosed
Acknowledgment of Service in the envelope provided for this purpose.

Very truly yours,
RADANO & LIDE

MELVILLE D. LIDE
MDL/bp
Enclosures
UPS/1ZF122702110001164

## UPS Next Day Air Early

### Shipping Document

See instructions on back. Visit UPS.com® or call 1-800-PICK-UPS® (800-742-5877)
for additional information and Tariff/Terms and Conditions.

**TRACKING NUMBER** 1Z F12 270 21 1000 116 4

**SHIPMENT FROM**

SHIPPER'S UPS ACCOUNT NO. F 1 2 2 7 0

REFERENCE NUMBER 622521

NAME Melville D. Lide   TELEPHONE 609-691-2500

COMPANY **RADANO & LIDE**

STREET ADDRESS **78 W PARK AVE RM STE 2**

CITY AND STATE **VINELAND**   **NJ**   ZIP CODE **08360 3533**

**EXTREMELY URGENT DELIVERY TO**

NAME Jacob Addy   TELEPHONE

COMPANY Addy Brothers LLC

STREET ADDRESS 631 Talcottville Rd. Unit 11   DEPT./FLR.   Residential Delivery

CITY AND STATE VERNON, CT   ZIP CODE 06066

---

③ WEIGHT   LTR ☑   WEIGHT   DIMENSIONAL WEIGHT If Applicable   LARGE PACKAGE

④ SHIPPER RELEASE   1+   1+

⑤ NEXT DAY AIR EARLY CHARGE   $

⑥ CHARGES   $

OPTIONAL SERVICES

- ☐ SATURDAY PICKUP  See instructions
- ☐ SATURDAY DELIVERY  See instructions
- ☐ DECLARED VALUE FOR CARRIAGE  For declared value over $100, see instructions.   $   AMOUNT
- ☐ C.O.D.  If C.O.D. enter amount to be collected and attach completed UPS C.O.D. tag to package.   $   AMOUNT
- ☐ VERBAL COMMUNICATION OF DELIVERY  See instructions.

⑦ ADDITIONAL HANDLING CHARGE   ☐ An Additional Handling Charge applies for certain items. See instructions.   $

TOTAL CHARGES   $

⑧ METHOD OF PAYMENT

- ☐ Bill Shipper's Account Number  In Section 1
- ☐ Bill Receiver
- ☐ Bill Third Party  Record Account No. in Section 9
- ☐ Credit Card  American Express Diner's Club MasterCard Visa
- ☐ Check

⑨ RECEIVER'S/THIRD PARTY'S UPS ACCT. NO. OR MAJOR CREDIT CARD NO.   EXPIRATION DATE

THIRD PARTY'S COMPANY NAME AND ADDRESS

STREET ADDRESS

CITY AND STATE   ZIP CODE

All shipments are subject to the terms contained in the UPS Tariff/Terms and Conditions of Service available at UPS.com and local UPS offices.

⑩ SHIPPER'S SIGNATURE   X   DATE OF SHIPMENT

0201911262609 11/15 RRD

**SHIPPER'S COPY**

This form not needed with UPS Internet Shipping at UPS.com

# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**

1ZF122702110001164

**Service**

UPS Next Day Air Early

**Delivered On**

11/02/2021 7:31 A.M.

**Delivered To**

EAST HARTFORD, CT, US

**Received By**

DRIVER RELEASE

**Left At**

Front Door

Thank you for giving us this opportunity to serve you. Details are only available for shipments delivered within the last 120 days. Please print for your records if you require this information after 120 days.

Sincerely,

UPS

Tracking results provided by UPS: 11/24/2021 2:43 P.M. EST

Last Updated: 11/29/2021 10:01 A.M. EST

| Shipment Details | **Shipment Progress** |

11/02/2021
7:31 A.M.

Delivered
DELIVERED
EAST HARTFORD, CT US

11/02/2021
6:48 A.M.

On the Way
Departed from Facility
Windsor Locks, CT United States

11/01/2021
9:02 A.M.

The receiver has moved. We will deliver the package to the receiver's new address.
Windsor Locks, CT United States

11/01/2021
9:01 A.M.

The receiver has moved. We're attempting to obtain a new delivery address for this receiver. / The delivery information was updated in error. We've corrected the mistake.
Windsor Locks, CT United States

11/01/2021
9:00 A.M.

The receiver has moved. We're attempting to obtain a new delivery address for this receiver.
Windsor Locks, CT United States

11/01/2021
7:53 A.M.

The receiver has moved. We're attempting to obtain a new delivery address for this receiver.
Windsor Locks, CT United States

10/29/2021
8:11 A.M.

We missed you again. A final attempt will be made the next business day.
Windsor Locks, CT United States

10/29/2021
7:55 A.M.

The receiver was not available for delivery. We'll make a second attempt the next business day.
Windsor Locks, CT United States

10/29/2021
4:26 A.M.

Arrived at Facility
Windsor Locks, CT United States

10/29/2021
3:40 A.M.

Departed from Facility
Philadelphia, PA United States

10/28/2021
7:44 P.M.

Departed from Facility
Vineland, NJ United States

10/28/2021
7:34 P.M.

Origin Scan
Vineland, NJ United States

10/28/2021
6:23 P.M.

Pick-up Scan
Vineland, NJ United States

Want to see more? With UPS My Choice® you can see your full shipment progress. Sign Up Now

Already Enrolled? Log In

EXHIBIT "D"

## Case Summary

**Case Number:** BUR L-002043-21

**Case Caption:** Ritter Charles Vs Addy Brothers Llc

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Burlington | **Case Initiation Date:** 09/27/2021 |
| **Case Type:** Auto Negligence-Personal Injury (Non-Verbal Threshold) | **Case Status:** Active | **Jury Demand:** 6 Jurors |
| **Case Track:** 2 | **Judge:** Richard L Hertzberg | **Team:** 4 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

### Plaintiffs
**Charles  Ritter AKA  Rochelle Ritter, Deceased**

| | | |
|---|---|---|
| **Party Description:** Adm Ad Prsqndum | | **Attorney Name:** Melville D Lide |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 003171980 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** RADANO2500@RLINJURY.COM | | |

### Defendants
**John Doe Employer AKA  John Doe Employer (A Fictitious Name)**

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Addy Brothers  Llc**

| | | |
|---|---|---|
| **Party Description:** Corp | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Amazon.Com, Inc.**

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Jacob  Addy**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

### Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 09/27/2021 | Complaint with Jury Demand for BUR-L-002043-21 submitted by LIDE, MELVILLE D, RADANO & LIDE on behalf of CHARLES RITTER against ADDY BROTHERS, LLC., JOHN DOE EMPLOYER, JACOB ADDY | LCV20212241793 | 09/27/2021 |
| 09/28/2021 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20212252914 | 09/28/2021 |
| 12/01/2021 | AMENDED COMPLAINT submitted by LIDE, MELVILLE, D of RADANO & LIDE on behalf of CHARLES  RITTER against AMAZON.COM, INC. | LCV20212799615 | 12/01/2021 |

EXHIBIT "E"

# ADDY BROTHERS LLC   **ACTIVE**

631 TALCOTTVILLE ROAD APARTMENT M7, VERNON, CT, 06066
**BUSINESS DETAILS**

## Business Details   ∧

### General Information

Business Name
ADDY BROTHERS LLC

Business status
ACTIVE

Citizenship/place of formation
Domestic/Connecticut

Business address
631 TALCOTTVILLE ROAD APARTMENT M7, VERNON, CT, 06066

Annual report due
10/24/2017

NAICS code

Business ALEI
0876922

Date formed
10/24/2006

Business type
LLC



Mailing address
631 TALCOTTVILLE ROAD APARTMENT M7, VERNON, CT, 06066

Last report filed
2016

**BUSINESS DETAILS**

## Principal Details                                    —

Principal Name
JACOB ADDY

Principal Title
MEMBER

Principal Business address
631 TALCOTTVILLE ROAD, APARTMENT M7, VERNON, CT, 06066, United States

Principal Residence address
631 TALCOTTVILLE ROAD, APARTMENT M7, VERNON, CT, 06066, United States

## Agent details                                       —

Agent name
JACOB ADDY

Agent Business address
631 TALCOTTVILLE RD, APT M7, VERNON, CT, 06066, United States

Agent Residence addresss
631 TALCOTTVILLE RD , APT M7, VERNON, CT, 06066, United States

## Filing History                                      ^

### Business Formation - Certificate of Organization
0003320530

Filing date: 10/24/2006

Volume Type
B

Volume

**BUSINESS DETAILS**

Start page
1496

Pages
1

Date generated
10/24/2006



**Annual Report(2007)**
**0003558820**
Filing date: 10/17/2007

Volume Type
B

Volume
1093

Start page
3126

Pages
2

Date generated
10/17/2007



**Interim Notice - Interim Notice**
**0003635916**
Filing date: 2/27/2008

Volume Type

B

Volume
1132

Start page
**BUSINESS DETAILS** 3255

Pages
1

Date generated
2/27/2008



**Annual Report(2008)**
**0003801817**
Filing date: 10/16/2008

Volume Type
B

Volume
1218

Start page
3544

Pages
2

Date generated
10/16/2008



**Annual Report(2009)**
**0004049439**
Filing date: 11/5/2009

Volume Type
B

Volume

1346

Start page
2256

Pages
**BUSINESS DETAILS**

Date generated
11/5/2009



### Annual Report(2010)
### 0004280281
Filing date: 10/28/2010

Volume Type
B

Volume
1469

Start page
2835

Pages
2

Date generated
10/28/2010



### Annual Report(2011)
### 0004638249
Filing date: 10/14/2011

Volume Type
B

Volume
1674

Start page

3552

Pages
2

Date generated
BUSINESS DETAILS



### Annual Report(2012)
### 0004768709
Filing date: 12/21/2012

Volume Type
B

Volume
1749

Start page
1662

Pages
2

Date generated
12/21/2012



### Interim Notice - Interim Notice
### 0004792739
Filing date: 1/18/2013

Volume Type
B

Volume
1762

Start page
2893

Pages

2

Date generated
1/18/2013

**BUSINESS DETAILS**



Annual Report(2013)

0004946528

Filing date: 9/21/2013

Volume Type
B

Volume
1849

Start page
2975

Pages
2

Date generated
9/21/2013



**Annual Report(2014)**
**0005192218**

Filing date: 9/30/2014

Volume Type
B

Volume
1987

Start page
1016

Pages
2

Date generated

9/30/2014



**Annual Report(2015)**

**0005667996**

BUSINESS DETAILS Filing date: 10/6/2016

Volume Type
B

Volume
2252

Start page
2792

Pages
2

Date generated
10/6/2016



**Annual Report(2016)**

**0005668002**

Filing date: 10/6/2016

Volume Type
B

Volume
2252

Start page
2803

Pages
2

Date generated
10/6/2016

## Name History

^

None

**BUSINESS DETAILS**

## Shares

^

None

Exhibit "F"

# Amazon Headquarters, All Office Locations and Addresses
## (https://headquartersoffice.com/)

Everything you need to know about (NASDAQ: AMZN) Amazon.com

(X)

Amazon is an online shopping store that is guided by four principles namely, customer obsession over competitor focus, passion for invention, commitment to operational excellence, and long-term thinking. The company strives to give a positive impact not just on the customers and employees but to small businesses, economy, and the communities as well. The whole Amazon team share the same values of being smart and passionate in building and inventing more for customers despite the disparity in each individual's personal background.

In the venture of health care benefits, a lawsuit and allegations made by the UnitedHealth Group try to pry on the secretive plans of the three most powerful corporations: Amazon, Berkshire Hathaway, and JPMorgan Chase. Despite the allegation, Amazon remain firm and unmoved in the stock market.

# General information

## Post Contents

[ show ]

Ⓧ

| HQ: | 2111 7th Ave, Seattle, WA 98121, United States |
|---|---|
| Zip Code: | 98121 |
| Traded as: | NASDAQ: AMZN (https://www.google.com/search?<br>q=NASDAQ:+AMZN&stick=H4sIAAAAAAAAAONgecRoyi3w8sc9YSmdSW<br>lKzsgvd80rySypFJLgYoOy-<br>KR4uLj0c_UNzKtyLA2yeQDDppNiOgAAAA&tbm=fin#scso=_4Lc2X_jhJ82l-<br>oBQ1:0) |
| ISIN:<br>(International<br>Securities<br>Identification<br>Number) | US0231351067 (https://isin.toolforge.org/?language=en&isin=US02313510 |
| Industry: | Cloud computing, e-commerce, artificial intelligence, consumer electronics,<br>distribution, and self-driving cars. |
| Founded: | July 5, 1994 in Bellevue, Washington, United States |
| Founders: | Jeff Bezos (https://en.wikipedia.org/wiki/Jeff_Bezos) |
| Products: | Echo, Fire Tablet, Fire TV, Fire OS, Kindle |
| Services: | Amazon.com, Amazon Alexa, Amazon Appstore, Amazon Music, Amazon P<br>Amazon Prime Video, Amazon Web Services |
| Website: | www.amazon.com (https://business.amazon.com/en/home?ref_=b2b_mcs_<br>SEO Scores (https://seoscores.org/domain/amazon.com) |
| Business<br>data: | Google Finance (https://www.google.com/finance?q=AMZN) / Yahoo! Finan<br>(https://finance.yahoo.com/q?s=AMZN) / SEC filings (https://www.sec.gov/c<br>bin/browse-edgar?action=getcompany&CIK=1018724) |

# All Corporate Locations for Amazon.com, Inc.

EXHIBIT "G"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Camden Vicinage)

| | |
|---|---|
| CHARLES RITTER, General Administrator and as Administrator *ad Prosequendum* of ROCHELLE RITTER, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> ADDY BROTHERS, LLC; JACOB ADDY; AMAZON.COM, INC.; and JOHN DOE(S) EMPLOYER (fictitious names), <br><br> Defendants. | Civil Action No.: |

**ANSWER AND SEPARATE DEFENSES OF DEFENDANTS', ADDY BROTHERS, LLC; JACOB ADDY; AND AMAZON.COM, LLC, TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants, Addy Brothers, LLC; Jacob Addy; and Amazon.com, LLC (hereinafter referred to as "Defendants" or "Addy Brothers"), by way of Answer to the Plaintiffs' Amended Complaint, hereby states:

**FIRST COUNT**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

3.      Denied.

4.      Denied.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Addy Brothers, LLC; Jacob Addy; and Amazon.com, LLC, hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Amended Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## SECOND COUNT

Defendants hereby incorporates their answers to the proceeding paragraphs of the Amended Complaint as if set forth at length herein.

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

3.      Denied.

4.      Denied.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof

thereof is demanded at the time of trial.

       7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

      **WHEREFORE,** Defendants, Addy Brothers, LLC; Jacob Addy; and Amazon.com, LLC, hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Amended Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

**THIRD COUNT**

      Defendants hereby incorporates their answers to the proceeding paragraphs of the Amended Complaint as if set forth at length herein.

       1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

       2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

       3.     Denied.

       4.     Denied.

       5.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

       6.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

      **WHEREFORE,** Defendants, Addy Brothers, LLC; Jacob Addy; and Amazon.com, LLC, hereby

3

demand judgment against the Plaintiffs dismissing Plaintiffs' Amended Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

### FOURTH COUNT

1.      Defendants hereby incorporates their answers to the proceeding paragraphs of the Amended Complaint as if set forth at length herein.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Addy Brothers, LLC; Jacob Addy; and Amazon.com, LLC, hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Amended Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

### FIFTH COUNT

Defendants hereby incorporates their answers to the proceeding paragraphs of the Amended Complaint as if set forth at length herein.

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

3.      Defendants are without knowledge or information sufficient to form a belief as to the

truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Addy Brothers, LLC; Jacob Addy; and Amazon.com, LLC, hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Amended Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## <u>SIXTH COUNT</u>

Defendants hereby incorporates their answers to the proceeding paragraphs of the Amended Complaint as if set forth at length herein.

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

3.      Denied.

4.      Denied.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Addy Brothers, LLC; Jacob Addy; and Amazon.com, LLC, hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Amended Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## SEVENTH COUNT

Defendants hereby incorporates their answers to the proceeding paragraphs of the Amended Complaint as if set forth at length herein.

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

3.      Denied.

4.      Denied.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Addy Brothers, LLC; Jacob Addy; and Amazon.com, LLC, hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Amended Complaint with prejudice and

respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## EIGHTH COUNT

Defendants hereby incorporates their answers to the proceeding paragraphs of the Amended Complaint as if set forth at length herein.

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

3.     Denied.

4.     Denied.

5.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

6.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Addy Brothers, LLC; Jacob Addy; and Amazon.com, LLC, hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Amended Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## NINETH COUNT

1.     Defendants hereby incorporates their answers to the proceeding paragraphs of the Amended Complaint as if set forth at length herein.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Addy Brothers, LLC; Jacob Addy; and Amazon.com, LLC, hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Amended Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## TENTH COUNT

1.      Defendants hereby incorporates their answers to the proceeding paragraphs of the Amended Complaint as if set forth at length herein.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendants, Addy Brothers, LLC; Jacob Addy; and Amazon.com, LLC, hereby demand judgment against the Plaintiffs dismissing Plaintiffs' Amended Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiffs for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## SEPARATE DEFENSES

1.      The Amended Complaint fails to state a claim upon which relief may be granted, and Defendants reserve the right to move to dismiss.

2.      The Amended Complaint is barred by the applicable statute of limitations and/or statute of repose governing such claims.

3.      The incidents complained of were caused by third parties over whom Defendants had no control.

4.      If Plaintiffs sustained injuries or damages, those injuries or damages were proximately caused by the superseding intervening actions of others.

5.      Defendants breached no duty to any party herein.

6.      Plaintiffs' claims are barred by the doctrine of laches.

7.      Plaintiffs' claims are barred by the doctrine of waiver.

8.      Plaintiffs' claims are barred by the doctrine of unclean hands.

9.      Plaintiffs' claims are barred by the doctrine of estoppel.

10.      Plaintiffs' claims are barred by the doctrine of joint enterprise.

11.      Plaintiffs' claims are barred, in whole or in part, by the entire controversy doctrine.

12.      Without admitting any liability herein, and without admitting that Plaintiffs have suffered any damages at all, Plaintiffs failed to take reasonable steps to mitigate damages, if any.

13.      Defendants complied with all applicable and existing state and federal statutes and regulations and industry standards.

14.      Plaintiffs' claims are barred or diminished and reduced by the doctrine of comparative negligence under the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 *et seq.*

15.      Plaintiffs' claims are barred or diminished and reduced by the Collateral Source Rule, as set forth in N.J.S.A. 2A:15-97.

16.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack the requisite standing to proceed with this litigation.

17.      This action is barred, in whole or in part, by Plaintiffs' failure to join a party without whom the action cannot proceed.

18.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to use a crosswalk and/or obey pedestrian signals and signage as required by N.J.S.A. 39:4-36.

19.     Defendants deny any claim for strict liability, if any.

20.     Defendants deny any claim for compensatory damages.

21.     Defendants deny any claim for punitive damages.

22.     Plaintiffs' claims are barred, in whole or in part, by accord and satisfaction.

23.     Defendants reserve the right to rely upon any and all defenses as afforded by New Jersey's Wrongful Death Statute, N.J.S.A. 2A:31-4, *et seq.* and/or New Jersey's Survival Act, N.J.S.A. 2A:31-1, *et seq.*

24.     Service of process was insufficient and/or improper and Plaintiffs' claims should be dismissed accordingly.

## REQUEST FOR STATEMENT OF DAMAGES

1.     You are hereby requested and required to furnish to the undersigned within five (5) days, a written statement of the amount of damages claimed.

## DEMAND FOR DISCOVERY

Defendants hereby requests that the Plaintiffs answer and respond to the New Jersey Uniform Interrogatories Form (A) within the time prescribed by the New Jersey Rules of Court.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that Marc R. Jones, Esquire, is hereby designated as trial counsel in the above matter.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury as to all issues.

## CERTIFICATION

The matter in controversy is not the subject to any other known action pending in any Court, or of a known or contemplated arbitration proceeding.  There are no other parties known who should be joined in this action.

**CIPRIANI & WERNER, P.C.**

MARC R. JONES, ESQUIRE (NJ#016022001)
Attorneys for Defendants – Addy Brothers, LLC; Jacob Addy; and Amazon.com, LLC
155 Gaither Drive – Suite B
Mount Laurel, NJ 08054
T:      609-206-8391
mjones@c-wlaw.com

DATED:        December 8, 2021

11